IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| WILLIAM FLYNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05-1035 T/An |
| v. ) | |
| ) | |
| PEOPLE'S CHOICE HOME ) | |
| LOANS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S DAMAGES**

Before the Court is the determination of Plaintiff William Flynn's damages against Defendants People's Choice Home Loans, Inc., Nikole Shelton, Madeline Ramos, Michael Ridele, and Wells Fargo Bank, Minnesota. United States District Judge James D. Todd referred this matter to the Magistrate Judge for a report and recommendation. For the reasons set forth below, the Court recommends that Plaintiff be awarded **NO DAMAGES**.

**BACKGROUND**

On June 5, 2007, the District Court granted default judgment against Defendants People's Choice Home Loans, Inc., Nikole Shelton, Madeline Ramos, Michael Ridele, and Wells Fargo Bank, Minnesota, and referred this matter to the Magistrate Judge for a report and recommendation regarding damages, (D.E. # 23). On June 8, 2007, the Court directed Plaintiff to submit within thirty days a Memorandum of Facts and Law and any and all documentation, including affidavits and other sworn statements, that Plaintiff wanted the Court to consider in

1

determining the amount of damages to which Plaintiff may be entitled. On July 6, 2007, Plaintiff filed a three page document styled "Memorandum of Facts and Law," (D.E. # 30). This document listed Plaintiff's damages as follows:

> a. since the Plaintiff has struggled through the complaint and matters of law himself, there are no attorney fees;
>
> b. judgment of compensatory and punitive damages in the sum TEN MILLION DOLLARS ($10,000,000.00) as pled in the Original Complaint, plus interest at the rate of 12% (which is less than the Defendants charged the Plaintiff and the current rate is 18%) for 29 months which computes to Thirty-Four Million Eight Hundred Thousand Dollars (Of course that could change the longer Defendants wait to respond);
>
> c. post-judgment interest was figured with the 29 months but that will probably change due to the Defendants lack of correspondence with the Plaintiff and this Honorable Court;
>
> d. Remove any derogatory foreclosure information they have placed or caused to be placed against the Plaintiff's credit report, order the Defendants to return the real property at 569 Dickey Road, Ramer, Tennessee[,] to the Plaintiff, along with his personal property which was stolen form [sic] the real property at 569 Dickey Road, Ramer, Tennessee;
>
> e. damages for Angelo Vaccaro both compensatory and punitive, in the sum of $750,000.00;
>
> f. order the Defendants to forever refrain from violating the Plaintiff's Rights under the United States Constitution and the laws of the Great State [sic] of Tennessee and Texas.

After delaying the hearing on damages until the District Court had denied Wells Fargo's Motion to Set Aside Default Judgment, the Court, on November 16, 2007, again ordered Plaintiff to submit any documents, including affidavits, that he wished the Court to consider in assessing damages. On November 28, 2007, Plaintiff filed another three page document styled "Motion for Damages for Report to District Court," (D.E. # 45), which stated Plaintiff's damages as

2

follows:

    a. if any attorney fees are amassed be paid by Defendants;

    b. judgment under the conditions pled against the Defendants listed of compensatory and punitive damages in the sum of TEN MILLION DOLLARS ($10,000,000.00) or a sum not to exceed the jurisdictional limit of this Court, plus pre judgment interest until judgment;

    c. pre-judgment interest and post-judgment interest until the end of the year 2007 (36 months) accumulated at the rate of 12% equals FORTY-TWO MILLION DOLLARS ($42,000,000.00). That is 4% below the maximum, less than the Defendants charged the Plaintiff.

    d. remove any derogatory credit information the [sic] have placed or caused to be placed into <u>all</u> Credit Reporting Agencies. Return personal and real property to Plaintiff which was and is at 569 Dickey Road, Ramer, Tennessee[,] with all releases of incumbance [sic] of any kind or sort;

    e. damages for Angelo Vaccaro, compensatory and punitive, in the sum of $750,000.00; and

    f. judgment to Defendants to forever refrain from violating the Plaintiff's Rights under the United States Constitution and the laws of the Great State [sic] of Tennessee and Texas.

Plaintiff submitted no additional documents or affidavits to support his request for damages.

## **ANALYSIS**

"When a court enters a default judgment against a defendant, the defendant 'impliedly confesses all of the material allegations of fact contained in his complaint except the amount of the plaintiff's unliquidated damages.'"[1] After entry of default judgment, though, the Plaintiff has the burden of proving the amount of damages to

---

[1] *Rice v. Liberty Surplus Ins. Corp.*, 113 Fed. Appx. 116, 123 (6th Cir. 2004 ) (*quoting Patterson v. Rockwell Int'l*, 665 S.W.2d 96, 101 (Tenn. 1984)).

which he is entitled to a reasonable degree of certainty.[2] The plaintiff must prove his damages through substantial evidence in the record that would allow the court to make a reasonable inference and assessment of the plaintiff's damages.[3] The Court may conduct an evidentiary hearing to determine damages, but is not required to if it determines that a hearing is unnecessary or improper.[4] Importantly though, the Court may not simply accept Plaintiff's statement of his damages without sufficient proof that he is entitled to those damages.[5]

### a. Proof of Damages

In its Response and Objection to Plaintiff's Submission of Proposed Damages, Defendant Wells Fargo argues that the Court should deny Plaintiff damages because Plaintiff has failed to state a claim in his Complaint that would support damages and because Plaintiff has offered no proof of his damages in the record. The Court agrees that Plaintiff has not proven he is entitled to an award of damages. In order to be awarded damages, a plaintiff must present sufficient evidence to permit the court to make fair and reasonable determination of the amount of damages.[6] The Court has given Plaintiff two opportunities in addition to his Complaint to provide proof of damages, but

---

[2] *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818–19 (8th Cir. 2001) (citing *N. Cent. Co. v. Phelps Aero, Inc.*, 139 N.W.2d 258, 263 (1965)).

[3] *Grantham and Mann, Inc., v. Am. Safety Prods., Inc.*, 831 F.2d 596, 601 (6th Cir. 1987).

[4] *Pearson v. Robinson*, 1998 U.S. Dist. LEXIS 10979 at *8 (6th Cir., May 30, 1998) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)).

[5] *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2nd Cir. 1997).

[6] *Baptist Physician Hosp. Organiz., Inc. v. Humana Military Healthcare Serv., Inc.*, 415 F. Supp. 2d 835, 852 (E.D. Tenn. 2006) (citing *Grantham*, 831 F.2d at 601)).

Plaintiff failed to do so.

Neither Plaintiff's Complaint, nor his "Memorandum" at D.E. # 30, nor his "Motion" at D.E. # 45 contain any valid calculations[7] or other proof of his damages. More specifically, as to item a. of Plaintiff's damages, Plaintiff has not shown that he has incurred any attorneys's fees. Regarding items b. and c., Plaintiff has not demonstrated that he has suffered any damages, much less the sum of $10,000,000. He has provided the Court with no proof of the value of the real and personal property that he alleges was wrongfully taken. Additionally, Plaintiff fails to even identify the personal property that he alleges was stolen. Furthermore, Plaintiff has provided the Court with no proof to support his claim for punitive damages. The Court finds that Plaintiff's demand of $10,000,000 is excessive and has no basis in the record before the Court. Item d. asks the Court to set aside any foreclosure proceedings and foreclosure from the Plaintiff's Credit Report. Plaintiff, however, has not shown how he has been harmed by the appearance of the foreclosure on his credit report. Next Plaintiff lists as item e. damages for Angelo (A.J.) Vaccaro in the amount of $750,000. This person is not a party to this action, and his claims are not properly before the Court. As to item f., Plaintiff does not demonstrate how Defendants allegedly violated his rights under the United States Constitution or the Constitutions of Tennessee and/or Texas. The Court, therefore, finds that Plaintiff has not demonstrated that he is entitled to any damages.

---

[7] For example, in his Memorandum, at section d., Plaintiff calculates a sum of $34,800,000.00 in damages. From what the Court can deduce, Plaintiff reached this figure by multiplying the $10,000,000.00 sought in his Complaint by a twelve percent (12%) interest rate for a total of $1,200,000.00. Plaintiff then multiplied this number by twenty nine (29) to reach the sum $34,800,000.00. This is not a valid method of calculating pre-judgment interest as to the rate, period, or amount. The Court is unable to determine how Plaintiff calculated the sum in section c. of his Motion.

### b. The *Frow* Doctrine

Wells Fargo also asserts that the Court should deny Plaintiff damages under the rule in *Frow v. De La Vega*.[8] The *Frow* doctrine provides that when one of several defendants defaults, the court should withhold granting default judgment until after the remaining defendants have defaulted or been found liable. Under *Frow*, if the plaintiff loses the case, then the complaint should be dismissed against the defaulting defendants as well as the non-defaulting ones.[9] Likewise a successful motion for summary judgment by an answering defendant will accrue to the benefit of a defaulting defendant.[10] Wells Fargo argues that no damages should be entered against it because another defendant[11] was granted summary judgment based on the *Curry* settlement, and Wells Fargo is a "related party" under that settlement agreement. Wells Fargo provides no affidavits or other sworn testimony, however, from which the Court could find that it is a related party under the *Curry* settlement. Therefore, the Court declines to decide the issue of damages on that basis. Wells Fargo also asserts that *Frow* has been extended to apply to defendants who, although not truly jointly liable, are similarly situated. Had Plaintiff demonstrated that he was entitled to damages, the Court would then have had to

---

[8] 82 U.S. 552 (1872).

[9] *Kimberly v. Coastline Coal Corp.*, 857 F.2d 1474, 1988 WL 93305, at *3 (6th Cir., Sept. 9, 1988) (citing *Exquisite From Indus., Inc. v. Exquisite Fabrics of London*, 378 F. Supp. 403, 416 (D.C. N.Y. 1974)).

[10] *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (quoting *United States v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir. 1967)).

[11] On February 9, 2007, the District Court granted summary judgment to Defendant Fairbanks Capital Corporation n/k/a Select Portfolio Servicing, Inc., ("Fairbanks") based on the doctrines of res judicata and release because Plaintiff was a member of a class action (*Curry et al. v. Fairbanks Capital Corp.*, No. 03-10895-DFW (D. Mass.)) in which a settlement agreement was reached with a group called the "Fairbanks-Related Parties" which included defendant Fairbanks.

6

evaluate whether Plaintiff's claims against the Defendants are joint such that the *Frow* doctrine might still apply to bar Plaintiff's recovery. Because the Court finds that Plaintiff has not demonstrated that he is entitled to damages, however, it need not address whether the *Frow* doctrine applies to bar recovery. The Court, therefore, recommends that Plaintiff be awarded no damages.

## **CONCLUSION**

As discussed above, Plaintiff has not proven that he is entitled to any damages. The law is clear that in order to be awarded damages, a plaintiff must prove those damages to a reasonable degree of certainty, and without adequate proof, the Court cannot award damages in any amount. Thus, the Court recommends that Plaintiff be awarded **NO DAMAGES**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: March 5th, 2008.

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED
WITHIN TEN (10) DAYS FROM THE DATE OF SERVICE OF THE REPORT.
FAILURE TO FILE THEM WITHIN TEN (10) DAYS OF SERVICE MAY
CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER
APPEAL.